**In re Maryann Rose FALQUIST, Debtor.**

**Bankruptcy No. 388–00644H13.**

United States Bankruptcy Court, D. Oregon.

April 27, 1988.

William Claussen, Salem, Or., for debtor.

Paul J. Garrick, Salem, Or., for the Oregon State Scholarship Com'n.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Chief Judge.

At the hearing upon confirmation of the debtor's plan in this Chapter 13 case, the debtor appeared by her attorney William J. Claussen, of Portland, Oregon, and the Oregon State Scholarship Commission appeared by its attorney Paul J. Garrick, Assistant Attorney General, of Salem, Oregon.

The Chapter 13 Statement filed by the debtor lists no secured debts, no priority debt and $11,002.38 in general unsecured debts consisting entirely of student loans. The budget shows that the debtor has one 13 year old daughter, that she receives no support, that the debtor is and has been for two years employed as a groundskeeper, that she has monthly take home pay of $900, that her monthly expenses total $850 and that her net disposable earnings are $50 per month. The debtor's plan provides that she will pay to the trustee the sum of $50 per month for a period of 36 months. The payments are expected to return a dividend upon general unsecured claims of approximately 10%.

The debtor agreed that the plan be amended to require the debtor to file quarterly reports with the trustee of current income and expenses. The Scholarship Commission acknowledges that the present budget is reasonable and does not overstate the current monthly expenses. If the monthly income of the debtor increases during the life of the plan it will be appropriate for the Commission to file a modified plan under § 1329 calling for larger monthly payments to the trustee, which will result in a larger dividend upon unsecured claims. It appears that if the estate of the debtor were liquidated under Chapter 7 there would be no dividend to creditors.

The Commission objects to confirmation of the plan. The objections are based solely upon the provisions of § 1325(a)(3) which requires that "the plan has been proposed in good faith and not by any means forbidden by law." The grounds asserted are threefold: (a) all of the debt consists of obligations on student loans which might not be dischargeable in a Chapter 7 case; (2) the dividend to creditors is minimal; and (3) it can be expected that the debtor's earnings will increase in the future.

This court recently considered the question of good faith where student loans constituted part of the debts included in a chapter 13 plan in the case of *In re Adamu*, 82 B.R. 128 (Bkrtcy.D.Or.1988). In that case the student loan obligations constituted approximately 60% of the unsecured debts. In the present case all of the debt represents obligations upon student loans. Under the reasoning in *Adamu*, it should make no difference whether 10%, 50%, 75%, or 100% of the total debt is comprised of student loans. If this court were to adopt some percentage test to be used in determining bad faith, it would be a completely arbitrary test not provided for by Congress. Such a test could vary from court to court or from judge to judge. If a percentage test which varied from case to case were to be used by a court, such a test would be even more arbitrary.

The fact that the plan in this case is expected to return a dividend of only approximately 10% upon unsecured claims does not render the plan one not filed in good faith. Since the plan commits all of the debtor's net disposable earnings to pay-

ment of claims, it is filed in good faith. *See Adamu, supra* for its discussion of the relevance of the amount to be received by creditors to the question of whether a plan is filed in good faith.

The last ground of objection is that the debtor's earnings may increase in the future. This objection is met by the amendment to the plan requiring the debtor to file quarterly reports of current income and expenses and the right of the Commission to file a modified plan should the debtor's net disposable earnings increase in the future.

Counsel for the Commission suggests that even if (a) the attempt to discharge a student loan obligation may not show bad faith; and (b) the fact that the dividend to creditors will be small may not show bad faith, combining both in a single plan demonstrates bad faith. The court finds this argument unconvincing.

An order confirming the debtor's plan as amended at the confirmation hearing will be entered.